## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KENNETH W. GIBSON,                          Case No. 1:10-cv-8
    Petitioner,

                        Spiegel, J.
vs.                                          Litkovitz, M.J.


WARDEN, HOCKING                             **REPORT AND**
CORRECTIONAL FACILITY,                      **RECOMMENDATION**
    Respondent.

Petitioner, an inmate in state custody at the Hocking Correctional Facility in Nelsonville,

Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This

matter is now before the Court on the petition, respondent's return of writ with exhibits, and

petitioner's "traverse" in reply to the return of writ. (Docs. 2, 8, 9).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On October 5, 2006, the Butler County, Ohio, grand jury returned an indictment charging

petitioner with two counts of corrupting another with drugs in violation of Ohio Rev. Code §

2925.02(A)(4) and one count of involuntary manslaughter in violation of Ohio Rev. Code §

2903.04. (Doc. 8, Ex. 3). The charges stemmed from evidence indicating that petitioner had

provided his 16-year-old step-grandson with Oxycontin and morphine, which caused the boy's

death. (*See* Doc. 8, January 8, 2007 Plea Hearing Tr. 13-15 & Ex. 20, p. 1 n.1).[1]

In January 2007, petitioner entered a guilty plea to all charges. In the written plea

---

[1]Petitioner's wife, the victim's biological grandmother, was separately tried and convicted following a jury trial on charges of permitting drug abuse and involuntary manslaughter in Case No. CR2006-10-187. The Butler County Clerk's online docket records (found at http://www.butlercountyclerk.org) reflect that verdicts of guilt were entered on May 4, 2007, and the final judgment entry imposing a ten-year prison term was filed on August 8, 2007. An appeal was made to the Ohio Court of Appeals, which affirmed the trial court's judgment on November 17, 2008. *See State v. Gibson,* No. CA2007-08-187, 2008 WL 4901717 (Ohio Ct. App. 12 Dist. Nov. 17, 2008).

agreement executed by petitioner, as well as counsel for both parties, petitioner stated:

> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:
>
>> The Court has indicated Defendant to receive 8 year ODRC prison commitment consecutive to 3 year prison commitment from Judge Crehan [in another criminal case,] CR2005-06-1099.

(Doc. 8, Ex. 4).[2]

In addition, at the plea hearing held on January 10, 2007, the trial judge specifically asked petitioner whether "any threats or promises [have] been made to you to get you to plead to this, other than the plea bargaining and what I told your attorney ... your sentence would be." (Doc. 8, January 10, 2007 Plea Hearing Tr. 7). Petitioner responded: "No ma'am." (Doc. 8, January 10, 2007 Plea Hearing Tr. 8). Later in the hearing, before petitioner's guilty plea was accepted, the following colloquy took place between the judge and petitioner:

> THE COURT: ....Are you entering this plea voluntarily, intelligently and
>
> knowingly?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any questions about what you're doing that you'd like to ask me?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Do you need a few minutes to step aside and talk to your attorney to ask your attorney some questions?

---

[2] It is noted that at the plea hearing held on January 10, 2007, petitioner also entered a guilty plea in an another criminal case charging him with multiple counts of deception to obtain dangerous drugs. Petitioner pleaded guilty in that case to seven of the counts in exchange for the merger of the remaining counts and the imposition of a sentence to run concurrently to "other counts or other case numbers." (*See* Doc. 8, January 10, 2007 Plea Hearing Tr. 3-4). In the instant federal habeas proceeding, petitioner does not challenge his conviction or the sentence imposed in that separate criminal case.

2

THE DEFENDANT: No, ma'am.

THE COURT: I have here a piece of paper with writing on both sides and it has your rights and what you're pleading to....

THE DEFENDANT: Right.

THE COURT: Did you read this?

THE DEFENDANT: Yes.

THE COURT: Did you discuss this with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Satisfied with your attorney's advice?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is this your signature?

THE DEFENDANT: Yes, ma'am.

THE COURT: This says you're pleading guilty to corrupting another with drugs an F2, two counts and involuntary manslaughter an F1, one count. You understand if you plead guilty, that I am going to make a finding of guilty. Do you understand that?

THE DEFENDANT: Yes, ma'am.

****

THE COURT: Is that what you want to do?

THE DEFENDANT: Yes, ma'am.

THE COURT: You sure?

THE DEFENDANT: Yes, ma'am.

THE COURT: Positive?

THE DEFENDANT: Yes, ma'am.

(Doc. 8, January 10, 2007 Plea Hearing Tr. 12-13).

3

On February 28, 2007, petitioner was sentenced in accordance with the terms of the plea agreement to concurrent eight-year terms of imprisonment, to be served consecutively to the sentence imposed in Case No. CR2005-06-1099. (Doc. 8, Ex. 5).

## Motion For Delayed Appeal

Petitioner did not pursue a timely appeal to the Ohio Court of Appeals. Nearly two years later, on January 9, 2009, he filed a *pro se* notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District, which was dismissed on the ground that petitioner had "failed to file a motion for delayed appeal or set forth the reasons why he failed to timely perfect an appeal as of right as required by App. R. 5(A)." (Doc. 8, Exs. 6-7).

Thereafter, on April 27, 2009, petitioner filed a delayed notice of appeal and motion for leave to appeal to the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 8, Exs. 8-9). In an affidavit attached to the motion, petitioner averred as "cause" for his delay in filing that at his disposition hearing in February 2007, the trial judge advised him of his right of appeal; that his counsel assured him at that time "that he would take care of everything to protect my rights;" that on January 23, 2008, his sister contacted the court and discovered "nothing had been filed on my behalf;" that in response to a request made by his sister, the transcript of his plea and disposition hearing were filed with the court on May 13, 2008; and that he "suffer[s] from debilitating psychological and physical ailments," including post-traumatic stress disorder, "severe memory loss and dementia," which render him "unable to assist in or pursue a pro-se appeal, without competent help." (Doc. 8, Ex. 9). On June 16, 2009, the Court of Appeals denied petitioner's motion for leave to file a delayed appeal and dismissed the case without opinion. (Doc. 8, Ex. 10).

Petitioner timely appealed to the Ohio Supreme Court. (Doc. 8, Ex. 11). In his

4

memorandum in support of jurisdiction, he essentially challenged the trial court's refusal in June

2009 to allow him to withdraw his guilty plea; specifically, petitioner alleged as propositions of

law that (1) the trial court committed prejudicial error by "denying appellant a remedy for the

prosecution's breach of the plea agreement;" and (2) the trial court should have permitted him to

withdraw his plea "because trial counsel rendered ineffective assistance." (Doc. 8, Ex. 12).  On

October 14, 2009, the Ohio Supreme Court denied petitioner leave to appeal and summarily

dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 13).

### Motion To Withdraw Guilty Plea

On April 8, 2009, during the time he was attempting to obtain a delayed appeal in the

Ohio Court of Appeals, petitioner filed a *pro se* motion to withdraw his guilty plea with the trial

court. (Doc. 8, Ex. 14).  Petitioner claimed in an affidavit attached to the motion that he was

promised by his wife's counsel that if he entered a guilty plea, "the State of Ohio would drop all

charges with prejudice against my wife." (Doc. 8, Ex. 14, "Affidavit of Kenneth W. Gibson,"

¶3).  Petitioner further averred that his defense attorney "conveyed to me that it was in m[y] and

my wife[']s best interest for me to plead guilty to avoid the ultimate outcome of both of us going

to prison." (Doc. 8, Ex. 14, "Affidavit of Kenneth W. Gibson," ¶5).  According to petitioner, the

State breached the plea bargain by proceeding to trial against his wife and obtaining her

conviction. (Doc. 8, Ex. 14, "Affidavit of Kenneth W. Gibson," ¶¶8-9).  On June 8, 2009, the

trial court issued an Entry denying petitioner's motion to withdraw his guilty plea without

opinion. (Doc. 8, Ex. 15).

Petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District.

(Doc. 8, Ex. 16).  In his *pro se* appellate brief, he raised the following claim as the sole

assignment of error:

> The trial court committed prejudicial error when it refused to allow appellant to withdraw his plea, denying appellant a remedy for the prosecutor's breach of the plea agreement.

(Doc. 8, Ex. 17).

On December 7, 2009, the Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (Doc. 8, Ex. 20). The court reasoned in pertinent part as follows:

> The assignment of error is overruled on the ground appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty pleas. *See* Crim. R. 32.1.... In his affidavit supporting his motion, appellant avers he was promised that if he pled guilty, the state "would drop all charges with prejudice against my wife." However, at the plea hearing, neither appellant nor his attorney raised any issue with the prosecutor's statement of the terms of the plea agreement, and the record does not support appellant's allegations in his affidavit.... Although appellant cites to case law involving a breach of a plea agreement and appropriate remedies, he has failed to point to any alleged breach of the plea agreement in the record.

(Doc. 8, Ex. 20, p. 2). Respondent states that petitioner did not pursue an appeal to the Ohio Supreme Court from the appellate court's ruling. (Doc. 8, Brief, p. 4).

## Federal Habeas Corpus

The instant federal habeas petition, which was signed and placed in the prison mailing system by petitioner on December 21, 2009, was stamped as "filed" with the federal court located in the Southern District of Ohio, Eastern Division, on December 31, 2009. (Doc. 2). The case was transferred to this Court for all further proceedings on January 6, 2010. (*See* Doc. 3). In the petition, petitioner alleges two grounds for relief:

> **Ground One:** The trial court committed prejudicial error when it refused to allow petitioner to withdraw his plea, denying petitioner a remedy for the prosecutor's breach of the plea agreement.
>
> **Supporting Facts:** Petitioner negotiated with the Prosecutor. Petitioner bargain[ed] in good faith (who up until this point hadn't been convicted of anything). He agreed to plead guilty if the Prosecutor agreed to dismiss the

6

charges against his wife Debra Gibson. After Petitioner entered the guilty plea, the prosecutor amended the Bill of Particulars [i]n Debra's case, suggesting she was the primary perpetrator. All understanding be[came] null and void at that point in time. Petitioner's wife was found guilty by a jury and sentenced to nine years in prison.

**Ground Two:** Ineffective assistance of trial counsel.

**Supporting Facts:** It was prejudicial error for the trial court to refuse to permit petitioner the right to withdraw his plea because his trial counsel rendered ineffective ass[is]tance of counsel. Petitioner contends that because his trial counsel failed to investigate the circumstances of the offense his right to effective assistance of counsel was violated.

(Doc. 2, pp. 6, 8).

Respondent has filed a return of writ responding to petitioner's allegations. (Doc. 8).

Petitioner has filed a "traverse" in reply to the return of writ. (Doc. 9).

## II. PETITIONER IS NOT ENTITLED TO HABEAS RELIEF BECAUSE (1) HIS CLAIMS CHALLENGING THE DENIAL OF HIS POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA ARE NOT SUBJECT TO REVIEW IN THIS PROCEEDING, AND (2) ANY UNDERLYING CONSTITUTIONAL CLAIMS ARE TIME-BARRED.

In Ground One of the petition, petitioner alleges that "[t]he trial court committed prejudicial error when it refused to permit [him] to withdraw his [guilty] plea" as a "remedy for the prosecutor's breach of the plea agreement." (Doc. 2, p. 6). In Ground Two, he claims that the trial court should have granted his motion to withdraw his guilty plea because his trial counsel was ineffective. (Doc. 2, p. 8). In his memorandum in support of jurisdiction filed with the Ohio Supreme Court on appeal from the denial of his delayed appeal motion, as well as in his "traverse" brief, petitioner has specifically alleged in support of his ineffective assistance of counsel claim that his trial attorney, who was "well aware of" petitioner's "mental and physical disabilities," should have investigated petitioner's "background or ability to enter into plea

7

negotiations" and induced petitioner to enter a plea based on "a false fact pattern of promises [counsel] had no intention of fulfilling." (*See* Doc. 8, Ex. 12, pp. 11-12; Doc. 9, pp. 11-12). Petitioner further claims that his trial counsel violated his due process rights by failing "to timely file an appeal of right" on petitioner's behalf. *Id.*

In the return of writ filed in response to the petition, respondent contends that petitioner has waived his claims for federal habeas relief, which were procedurally defaulted in the state courts. (Doc. 8, Brief, pp. 5-7). Respondent also alternatively argues that petitioner's claims challenging the trial court's denial of his motion to withdraw his guilty plea are not cognizable in this federal habeas proceeding and that, in any event, petitioner is not entitled to relief based on the merits of his underlying constitutional claim alleging a breach of the plea agreement by the State. (Doc. 8, pp. 9-13).

As an initial matter, it appears, as respondent has argued, that petitioner procedurally defaulted and thus may have waived his claims for federal habeas relief because he neither perfected an appeal to the Ohio Court of Appeals from the trial court's February 28, 2007 judgment of conviction and sentence nor pursued an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision affirming the denial of his post-sentence motion to withdraw his guilty plea.[3] *Cf. Weaver v. Moore*, No. 1:06cv557, 2008 WL 697705, at *3-4, *11 (S.D. Ohio Mar. 12, 2008) (Spiegel, J.; Hogan, M.J.) (citing *Easton v. Seabold,* No. 93-6208, 1994 WL 637725 (6th Cir. Nov. 10, 1994)). However, the Court need not address the waiver issue because petitioner is not entitled to relief based on other alternative grounds.

First, as respondent has also contended in the return of writ, to the extent that petitioner

---

[3] It is noted that petitioner committed an additional procedural default when he failed to raise the claim alleged in Ground Two as an assignment of error on appeal to the Ohio Court of Appeals from the denial of his motion to withdraw his guilty plea. (*See* Doc. 8, Ex. 17).

alleges in Grounds One and Two of the petition that the trial court committed "prejudicial error" in denying his motion filed in April 2009 to withdraw his January 2007 guilty plea, he raises an issue of state-law only, which is not subject to review in this federal habeas proceeding. The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

A state defendant has no federal constitutional right, or absolute right under state law, to withdraw a guilty plea. *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *8 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (and numerous cases cited therein); *see also Cline v. Kelly,* No. 1:09cv859, 2010 WL 1006529, at *5 & n.7 (N.D. Ohio Mar. 16, 2010) (citing *United States v. Woods,* 554 F.3d 611, 613 (6th Cir. 2009); *Xie v. Edwards,* No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994)). Instead, "the decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief." *Dickey, supra,* 2010 WL 92510, at *8 (citing *United States ex rel. Scott v. Mancusi,* 429 F.2d 104, 109-10 (2nd Cir. 1970), *cert. denied,* 402 U.S. 909 (1971)); *cf. Cline, supra,* 2010 WL 1006529, at *5 (finding that the magistrate judge had "correctly concluded" that "whether a state court grants a motion to withdraw a guilty plea is a matter of state law not cognizable on federal habeas review").

*Dickey* is factually analogous to the case-at-hand. In that case, as in the instant case, the petitioner filed a motion to withdraw his guilty plea over two years after he entered the plea. The *Dickey* court held that the petitioner was "unable to prevail on any claim that the trial court's

9

denial of his May 2006 motion to withdraw his January 2004 guilty plea, of itself, amounted to a

violation of the federal Constitution." *Dickey, supra*, 2010 WL 92510, at *8. In so ruling, the

court relied on a Sixth Circuit decision, holding "that the district court erred in granting habeas

corpus relief to a petitioner who claimed that the trial court's abuse of discretion in refusing to

permit him to withdraw his jury trial waiver was, of itself, a violation of the Sixth Amendment."

*Id.* (citing *Sinistaj v. Burt,* 66 F.3d 804, 807-08 (6th Cir. 1995)). The *Dickey* court concluded

that the following reasoning, quoted from *Sinistaj,* 66 F.3d at 808 (emphasis in original), also

applied to the petitioner's claim challenging the denial of his post-sentence motion to withdraw

his guilty plea:

> It is possible, of course, at least in theory, that a state court's refusal to permit a
> defendant to withdraw a previously filed jury trial waiver could amount to an
> unconstitutional denial of the defendant's Sixth Amendment right to a jury trial.
> But we can conceive of no situation in which a federal judicial determination on
> *habeas* collateral review that a state court, as a matter of general law, abused its
> discretion in denying the withdrawal motion is *therefore* a violation of the federal
> Constitution.

Similarly here, the Court is persuaded that to the extent that petitioner challenges the trial court's

denial of his April 2009 motion to withdraw his January 2007 guilty plea, his claim is not subject

to review in this federal habeas proceeding.

The Court has jurisdiction to consider the underlying constitutional claims, which were

raised by petitioner in his motion to withdraw his guilty plea, concerning the State's alleged

breach of the plea agreement and trial counsel's performance. However, as in *Dickey*, it appears

that petitioner is unable to prevail on any such claims because they are time-barred under the

applicable one-year statute of limitations governing federal habeas petitions, which is set forth in

28 U.S.C. § 2244(d)(1). *See Dickey, supra,* 2010 WL 92510, at *7 (citing *Neff v. Brunsman,* No.

10

1:06cv135, 2008 WL 2169392, at *3, *8-9 (S.D. Ohio May 21, 2008) (Spiegel, J.; Black, M.J.)).[4]

Although respondent has not asserted a statute-of-limitations defense in the return of writ, this

Court may *sua sponte* consider the issue in the exercise of its discretion. *See Day v.*

*McDonough,* 547 U.S. 198, 209-10 (2006).[5]

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for writ of habeas corpus within

one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is

tolled during the pendency of a properly filed application for state post-conviction relief or other

---

[4]Specifically, in *Neff, supra*, 2008 WL 2169392, at *3, *8-9, the court held that the petitioner was not entitled to habeas relief based on a claim challenging the Ohio Court of Appeals' denial of a motion for delayed appeal under Ohio R. App. P. 5, because the state court's ruling failed to "implicate federal constitutional concerns, except to the extent that petitioner seeks relief based on the underlying [time-barred] claim that he was denied his constitutional right of appeal."

[5]The district court is permitted to *sua sponte* consider the statute-of-limitations issue as long as the parties are accorded "fair notice and an opportunity to present their positions." *Day,* 547 U.S. at 209-10. In this case, the parties have been provided "fair notice" and "an opportunity to present their positions," because they can respond to the statute-of-limitations issue raised herein by way of objections to this Report and Recommendation. *Cf. Bowman v. Warden, Lebanon Corr. Inst.,* No. 1:08cv343, 2009 WL 943847, at *1, *4 (S.D. Ohio Apr. 6, 2009) (Beckwith, J.; Black, M.J.) (and case cited therein).

collateral review.

In this case, the Court must first determine which limitations provision applies to petitioner's constitutional claims. There is no evidence in the record even remotely suggesting that the limitations provision set forth in § 2244(d)(1)(C) applies here. Therefore, only the remaining three provisions arguably govern the underlying constitutional issues raised by petitioner in both his post-sentence motion to withdraw his guilty plea and the instant federal habeas petition.

Under the one-year statute of limitations set forth in § 2244(d)(1)(A), petitioner's conviction became "final" on March 30, 2007, when the thirty-day period expired for filing an appeal as of right from the trial court's February 28, 2007 final judgment entry. *See* Ohio R. App. P. 4(A). Petitioner is unable to prevail on any argument that his unsuccessful motions filed in 2009 for delayed appeal and for withdrawal of his guilty plea affect the finality determination under 28 U.S.C. § 2244(d)(1)(A). *See, e.g., Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (involving unsuccessful motion for delayed appeal); *Dickey, supra,* 2010 WL 92510, at *4 & n.2 (involving unsuccessful motion to withdraw guilty plea); *Coffey v. Warden, Warren Corr. Inst.,* No. 1:06cv717, 2007 WL 951619, at *1, *3-5 (S.D. Ohio Mar. 28, 2007) (Dlott, J.; Black, M.J.) (holding that the filing of a post-sentence motion to withdraw a guilty plea only serves to toll "the limitations period and does not reset it," and that the "fact that the Ohio courts considered [the] motion ... on the merits does not change the ... determination that the federal statute of limitations commenced running when petitioner's conviction became 'final'" six years earlier).[6]

_____

[6]*See also Goodballet v. Mack,* 266 F. Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler,* 36 F. App'x 783, 785 (6th Cir. 2002)) (involving unsuccessful motion to withdraw guilty plea). The Supreme Court has held that "where a state court *grants* a criminal defendant the right to file an out-of-time appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman,* 555 U.S. 113, 129 S.Ct. 681, 686 (2009) (emphasis added). However, *Jimenez* is inapplicable to the case-at-hand because the state appellate courts *denied* petitioner leave to file

Therefore, if § 2244(d)(1)(A) governs petitioner's constitutional claims, the statute of limitations would have begun to run on March 31, 2007, one day after petitioner's conviction became "final." *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Absent the application of statutory or equitable tolling principles, the limitations period would have ended on March 31, 2008, well over a year and a half before petitioner commenced the instant action on December 21, 2009 by placing his federal habeas petition in the prison mail room for delivery to the Court. *See, e.g., Houston v. Lack,* 487 U.S. 266 (1988) (the date of "filing" is the date the *pro se* prisoner provides his papers to prison authorities for mailing to the court).

However, an argument can be made that either § 2244(d)(1)(B) or § 2244(d)(1)(D) applies to delay the commencement of the limitations period in this case. Because most of the underlying constitutional issues stem from the State's alleged failure to follow through on its promise to dismiss criminal charges lodged against petitioner's wife and from trial counsel's inducement of the plea based on that "false" promise, the factual predicate of petitioner's claims for relief may not have been discoverable by petitioner in the exercise of due diligence, as set forth in § 2244(d)(1)(D), until the State proceeded to trial before a jury on the criminal charges brought against his wife. Moreover, petitioner averred in support of his motion for leave to file a delayed appeal to the Ohio Court of Appeals that his trial counsel stated "he would take care of everything to protect [petitioner's] rights" when the trial court advised petitioner at sentencing that he had a right of appeal. (*See* Doc. 8, Ex. 9). To the extent petitioner suggests by this

_____

a delayed appeal, as well as his motion to withdraw his guilty plea. *Cf. Wells v. Warden, Lebanon Corr. Inst.,* No. 1:09cv51, 2010 WL 1253499, at *4 n.5 (S.D. Ohio Jan. 28, 2010) (Report & Recommendation) (Hogan, M.J.), *adopted,* 2010 WL 1257897 (S.D. Ohio Mar. 30, 2010) (Dlott, J.) (involving denial of motion to withdraw guilty plea); *Blackwell v. Warden, Lebanon Corr. Inst.,* No. 1:08cv158, 2009 WL 764638, at *1, *7 & n.7 (S.D. Ohio Mar. 20, 2009) (Barrett, J.; Black, M.J.) (involving denial of delayed appeal motion).

statement that his trial attorney misled him to believe that an appeal would be pursued in the state

courts on his behalf, he could argue that (1) the factual predicate of his allegation in Ground

Two, based on trial counsel's failure to pursue a timely appeal, was not discoverable before his

conviction became "final;" or (2) a state-created impediment to filing existed within the meaning

of § 2244(d)(1)(B), which delayed the commencement of the limitations period until such time as

the impediment was removed.

Nevertheless, even assuming these later limitations provisions are applicable in this case,

the one-year AEDPA statute of limitations still poses an insurmountable hurdle for petitioner.

Petitioner stated in his affidavit in support of his motion for delayed appeal to the Ohio Court of

Appeals that his sister discovered on January 23, 2008 that no appeal had been filed by counsel

on petitioner's behalf. (*See* Doc. 8, Ex. 9). Therefore, at that point in time, any arguable state-

created impediment to filing under § 2244(d)(1)(B) was removed, and the factual basis for the

ineffective-assistance-of-counsel allegation in Ground Two should have been discovered by

petitioner through the exercise of due diligence. In addition, petitioner should have been well

aware of the factual predicate of his constitutional claims stemming from the alleged breach of

the plea agreement when the charges against his wife were not dropped and the criminal matter

instead proceeded to trial before a jury. Any argument by petitioner that he could not have

discovered the factual bases for his claims until "late 2008" is unavailing given that his wife was

convicted in May 2007 on the charges of permitting drug abuse and involuntary manslaughter

and final judgment imposing a ten-year sentence was filed in that matter on August 8, 2007.

Accordingly, it appears from the record that to the extent that the statute of limitations set

forth in § 2244(d)(1)(D) governs petitioner's constitutional claims stemming from the alleged

breach of the plea agreement, the statute commenced running at the very latest on August 9,

14

2007, one day after the final judgment entry was filed in the criminal case brought against petitioner's wife. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other equitable tolling principles, the limitations period expired one year later on August 9, 2008.

Similarly, to the extent that petitioner may have mistakenly believed that an appeal had been filed by counsel on his behalf, which arguably triggered the later limitations period under 28 U.S.C. § 2244(d)(1)(B) or § 2244(d)(1)(D), the statute commenced running on January 24, 2008, one day after petitioner states his sister discovered no appeal had been filed. Even in that circumstance, the one-year statute of limitations would have expired on January 24, 2009, months *before* petitioner commenced the instant action in December 2009.

During the applicable one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). A "properly filed" application for post-conviction relief is one delivered and accepted in compliance with the applicable state court rules governing those filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Thus, a prisoner's post-conviction petition that is dismissed by a state court as untimely is not "properly filed" for tolling purposes under § 2244(d)(2). *See Pace v. DiGuglielmo,* 544 U.S. 408, 413, 417 (2005); *see also Allen,* 552 U.S. at 5-7; *Vroman*, 346 F.3d at 603.

In this case, petitioner took no action to challenge the trial court's February 28, 2007 final judgment entry of conviction and sentence until January 9, 2009, when he filed a *pro se* notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*See* Doc. 8, Ex. 6). Assuming,

for the sake of argument, that the statute of limitations was still running and was not due to expire until January 24, 2009 based on the latest possible limitations period arguably applicable in this case, the notice of appeal did not serve to toll the limitations period under § 2244(d)(2). The state appellate court dismissed the pleading because petitioner had failed to file a motion for delayed appeal and had not "set forth the reasons why he failed to timely perfect an appeal as of right as required by [Ohio R. App. P.] 5." (Doc. 8, Ex. 7). Because petitioner thus failed to comply with conditions for filing under the controlling state court rule, the notice of appeal was not "properly filed" within the meaning of the statutory tolling provision.

Thereafter, in April 2009, petitioner filed a motion to withdraw his guilty plea with the trial court and attempted again to obtain a delayed appeal in the state courts by filing a delayed notice of appeal and motion for leave to appeal to the Ohio Court of Appeals. (*See* Doc. 8, Exs. 8-9, 14). However, those pleadings also do not serve to avoid the statute of limitations bar. By that time, even the latest statute of limitations had run its course, expiring on January 24, 2009. "The tolling provision does not ... 'revive' the limitations period ( i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Therefore, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland*, 130 S.Ct. at 2560; *see also Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently,

16

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland,* 130 S.Ct. at 2562 (quoting *Pace*, 544 U.S. at 418, which in turn cited *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that the bar to review should be excused based on a credible showing of actual innocence. *See Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005); *see also Schlup v. Delo,* 513 U.S. 298, 324 (1995). He also has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not shown that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Petitioner has alleged in both the state proceedings on his motion for delayed appeal and Ground Two that he "suffer[s] from debilitating psychological and physical ailments," which

17

render him "unable to assist in or pursue" relief "without competent help." (*See* Doc. 8, Exs. 9, 12; *see also* Docs. 2, 9). "[T]o warrant equitable tolling of a habeas statute of limitations, the petitioner must demonstrate that [his incapacity] affected his ... ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F.3d 781, 785 (6th Cir. 2010) (and cases cited therein). In one of the cases cited by the Sixth Circuit in *Robertson,* the circuit court held that to justify equitable tolling of the AEDPA one-year statute of limitations, "a habeas petitioner must demonstrate that [his] particular disability constituted an 'extraordinary circumstance' severely impairing [his] ability to comply with the filing deadline, despite [his] diligent efforts to do so." *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2nd Cir. 2010).

Here, petitioner's unsupported and conclusory assertion that he was prevented by his "mental and physical disabilities" from pursuing relief as a *pro se* litigant is simply insufficient to justify equitable tolling of the statute of limitations in this case. Petitioner demonstrated he was capable of pursuing the state court remedies of a delayed appeal and a post-sentence motion to withdraw his guilty plea on his own. He has neither alleged sufficient facts nor otherwise demonstrated that his purported mental or physical impairments actually prevented him from filing a timely federal habeas petition. Therefore, petitioner is not entitled to equitable tolling in this case.

Accordingly, in sum, the undersigned concludes that to the extent petitioner alleges in the petition that the trial court erred in denying his April 2009 motion to withdraw his January 2007 guilty plea, his claims for relief raise issues of state-law only, which are not cognizable in this federal habeas proceeding. Although this Court has jurisdiction to consider the underlying claims of constitutional error that were alleged by petitioner in his post-sentence motion for withdrawal of his guilty plea, those claims are barred from review under any of the arguably

applicable limitations provisions set forth in 28 U.S.C. § 2244(d)(1). Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period. Therefore, petitioner is not entitled to habeas relief in this case.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the constitutional claims alleged in the petition, which this Court has concluded are procedurally barred from review on statute-of-limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[7] A certificate of appealability also should not issue with respect to the claims alleged in the petition challenging the state trial court's ruling on petitioner's post-sentence motion to withdraw his guilty plea, which have been addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented therein are

---

[7]In any event, it also appears from the record that under the second prong of the *Slack* test, "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim in the petition. *See Slack,* 529 U.S. at 484. In affirming the denial of habeas relief in an analogous case brought by an Ohio prisoner, the Sixth Circuit recently emphasized that "a defendant's plea agreement consists of the terms revealed in open court." *Smith v. Anderson,* __ F.3d __, 2011 WL 475195, at *4 (6th Cir. Feb. 11, 2011) (quoting *United States v. Johnson,* 979 F.2d 396, 398 (6th Cir. 1992)). As the Sixth Circuit found in *Smith,* "all of the relevant factors advocate in favor of limiting Petitioner's plea agreement to that which was revealed to the state court." *See id.* at *5. Here, as in *Smith,* "there was a fully integrated, written plea agreement which did not discuss the promise at issue," and "the parties did not reveal additional terms of the plea agreement when specifically asked to do so by the court;" indeed, as in *Smith,* petitioner "specifically *denied*" that any threats or promises not contained the plea agreement had been made. *See id.* (emphasis in original); *see also* Doc. 8, Ex. 4 & January 10, 2007 Plea Hearing Tr. 7-8. Finally, upon review of the plea hearing transcript, the Court is convinced that petitioner was capable of understanding and in fact expressed he understood the terms of the plea agreement and the rights he was giving up by entering a guilty plea in this case.

"adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/22/2011

cbc

Karen L. Litkovitz
United States Magistrate Judge

20

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KENNETH W. GIBSON,
    Petitioner

Case No. 1:10-cv-8

vs

Spiegel, J.
Litkovitz, M.J.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
    Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X    ☑ Agent    ☐ Addressee<br><br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kenneth W Gibson 546-545<br>Hocking Corr. Facility<br>PO Box 59<br>Nelsonville, OH 45764 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br><br>4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8389 1061 |
| PS Form 3811, August 2001     Domestic Return Receipt | 102595-02-M-1540 |

1: 10 cv 8    Doc. 12