```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

KENNETH W. GIBSON,                  :
                                    :   NO. 1:10-CV-00008
    Petitioner,                     :
                                    :
                                    :
  v.                                :   **OPINION AND ORDER**
                                    :
                                    :
WARDEN, HOCKING CORRECTIONAL        :
FACILITY,                           :
                                    :
    Respondent.

       This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 12) and Petitioner's objections thereto (doc. 18).  For the following reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, DENIES Petitioner's objections, and DENIES WITH PREJUDICE Petitioner's habeas petition.

**I.   Background and The Magistrate Judge's Report & Recommendation**

       Petitioner filed a petition for habeas corpus with respect to his 2007 plea and sentencing for involuntary manslaughter and corrupting another with drugs, for which he was sentenced to concurrent eight-year terms of imprisonment to be served consecutively to a three-year term in another case (doc. 12).  The charges related to the death of his step-grandson, who died of a multiple-drug overdose.  Petitioner presents two grounds for relief in his petition: first, the trial court erred when it

refused to allow Petitioner to withdraw his guilty plea; and second, he received ineffective assistance of trial counsel (doc. 2).

The Magistrate Judge recommends that Petitioner's petition be denied and the case dismissed because she determined that to the extent Petitioner's first claim rests on an assertion that the trial court erred in denying Petitioner's April 2009 motion to withdraw his January 2007 guilty plea, his claims raise issues of state-law only, which are not cognizable in a federal habeas proceeding (doc. 12). With respect to the underlying claims of constitutional error that were alleged by Petitioner in his April 2009 motion to withdraw his plea (i.e., that his counsel was ineffective because he failed to realize that Petitioner's mental health prevented him from knowingly and voluntarily entering a plea; that his counsel failed to investigate the circumstances of the offense; and that his counsel told him he would perfect his appellate rights and failed to do so), the Magistrate Judge found that his habeas petition was filed untimely and that neither statutory nor equitable tolling was applicable.

Further, the Magistrate Judge determined that Petitioner had not demonstrated that the limitations period should be lifted because of a credible showing of actual innocence; that some extraordinary circumstance prevented him from timely filing his petition; that he lacked notice or knowledge of the filing time-

frame; or that he has been diligent in pursuing his rights. She acknowledged Petitioner's assertion that his physical and mental ailments made him unable to assist in or pursue relief but noted that "a habeas petitioner must demonstrate that [his] particular disability constituted an 'extraordinary circumstance' severely impairing [his] ability to comply with the filing deadline, despite [his] diligent efforts to do so." (doc. 12, citing Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010)). The Magistrate Judge concluded that Petitioner's conclusory statement that his disabilities prevented him from pursuing relief pro se was insufficient to justify equitable tolling, noting that, for example, he was able to pursue the state court remedies of a delayed appeal and his motion to withdraw his guilty plea.

Consequently, the Magistrate Judge recommends that Petitioner's petition be denied with prejudice; that a certificate of appealability not issue; and that the Court certify that any appeal would not be taken in good faith (doc. 12).

Petitioner did not timely file objections to the Magistrate Judge's report, and the Court affirmed the report in its entirety (doc. 15). However, nine days later, Petitioner filed a motion for leave to file instanter his objections (doc. 18), which motion the Court granted (doc. 21), and the Court vacated its earlier order affirming the Magistrate Judge to allow the Court an opportunity to analyze Petitioner's objections and conduct a de

novo review of the record.

**II. Petitioner's Objections**

Petitioner appears to object on the following bases. First, Petitioner contends that his failure to timely file his habeas petition should be excused because of his psychological and medical ailments, which have gotten worse in prison. He presents countless exhibits detailing his ailments, which include post-traumatic stress disorder ("PTSD") from his military service in Vietnam, bipolar disorder, schizophrenia, throat cancer and lung cancer. He contends that his mental illness was an obstacle to his ability to timely file the petition, and it is a "severe obstacle which will not ever go completely away." Further, he asserts that his mental illnesses are "direct evidence that he was not aware of the 28 U.S.C. § 2254 filing deadline and that he had no basic comprehension of the procedures and directives required in the filing of the state law claims...."

Second, Petitioner claims actual innocence on the manslaughter charge. To support this claim, he has submitted evidence purporting to demonstrate that his wife controlled all aspects of his life, including his access to and use of medication, and excerpts from statements from witnesses at his wife's trial, which indicate that both he and his wife (according to one witness) gave his step-grandson liquid morphine through droppers and that just his wife did so (according to another witness). He asserts

that, given the amount of drugs that these witnesses claimed were given to the boy, the only way the boy could have ingested the amount of drugs actually found in his system at his death was for him to have ingested the drugs himself.

Third, Petitioner claims ineffective assistance on the deception in obtaining a dangerous drug charges. To support this claim, Petitioner has submitted medical records showing that he was prescribed pain medication for his throat and lung cancers, which, he contends, proves that he could not have used deception to obtain the drugs. He asserts that his trial counsel would have discovered this, and would have known that "there can be no 'deception' when Dr. Collins states the Petitioner is receiving chemotherapy for lung cancer.'" Because his counsel did not conduct meaningful discovery or other investigation before Petitioner entered his plea, Petitioner contends his assistance was ineffective.

Finally, Petitioner claims ineffective assistance prior to his plea. Specifically, he claims that his counsel's failure to recognize that the decedent's blood screen indicated 5 times the maximum recommended dose for Oxycodone led to Petitioner's faulty guilty plea. Petitioner's reasoning here is hard to follow, but his position appears to be that while he may have given his step-grandson a few drops of drugs, he did not give him the amount necessary to lead him to the fatal level. He seems to allege that he would not have pleaded guilty had he known about the high levels

found in his step-grandson's body. Also, he notes that high levels of oxymorphone were found in the decedent's blood, which was not one of Petitioner's prescriptions.

**III. Discussion**

    **A.    Petitioner's Mental Illness & Equitable Tolling**

Equitable tolling of the one-year limitations period in 28 U.S.C. § 2254 is available in this circuit, but only when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)(internal citations omitted). A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. See Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Here, Petitioner asserts that he suffers from PTSD, bipolar disorder and schizophrenia. He claims that those illnesses, which he alleges have worsened since his incarceration, prevented him from being able to timely file his habeas petition. Indeed, he believes his "ongoing mental illnesses are direct evidence that he was not aware of the...filing deadline" (doc. 18). The Court is not unsympathetic to Petitioner's plight. However, the mere existence of mental illness is not a per se "extraordinary circumstance" that would require equitable tolling of the

limitations period. Mental illness is not, contrary to Petitioner's assertion, direct evidence of anything related to one's awareness of a filing deadline. People with all varieties of mental illnesses nonetheless do comply with the deadlines for habeas applications. And here, as the Magistrate Judge noted, Petitioner demonstrated that he was capable of pursuing the state court remedies of a delayed appeal and a post-sentence motion to withdraw his guilty plea, but he notably has not shown that he applied diligent efforts to comply with the habeas deadline and was prevented from complying because of his illnesses. See Bolarinwa, 593 F.3d at 232. On the contrary, there is no evidence of diligent efforts taken with respect to his habeas petition until long after the limitations period had run. Consequently, Petitioner is not entitled to equitable tolling of the one-year statute of limitations for a habeas filing.

    B.    **Petitioner's Actual Innocence Claim**

"Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pas through the gateway and argue the merits of his underlying constitutional claims." Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005). To establish a credible claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be

-7-

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The Court notes that actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). The actual innocence exception should remain rare and is "only to be applied in the 'extraordinary case.'" Schlup, 513 U.S. at 321.

Here, Petitioner appears to assert actual innocence on the manslaughter charge on the basis that his wife controlled his affairs, including his access to medication, and that given the amount of drugs that these witnesses claimed were given to the decedent, the only way the boy could have ingested the amount of drugs actually found in his system at his death was for him to have ingested the drugs himself. These assertions simply do not rise to the level required for a successful actual innocence claim. First, Petitioner knew at the time he pleaded guilty that his wife controlled his affairs, including his access to medication. Therefore, this assertion, even accepted as true, does not qualify as "new reliable evidence." Nor does it demonstrate that it is more likely than not that no reasonable juror could have found him guilty beyond a reasonable doubt, especially given that at least one witness at his wife's trial reported seeing Petitioner give the decedent medication.

Second, Petitioner's assertion that the only way the

decedent could have ingested the amount and type of drugs that were found in his body at death was for him to have self-administered the drugs is not evidence at all, let alone new or reliable. Instead, it is his speculation or conjecture.  It could have been his theory of defense had he chosen to go to trial, but it is not evidence.

To the extent Petitioner seeks relief from the limitations period based on a claim of actual innocence, he has not shown that he is entitled to such exceptional relief.

**C. Petitioner's Ineffective Assistance Claims**

The Court need not address the merits of Petitioner's ineffective assistance claims because they are time-barred, and Petitioner has not demonstrated that he is entitled to a tolling of the limitations period.  However, the Court notes that even if his habeas petition were not time-barred or if he were eligible for equitable tolling, Petitioner's claims of ineffective assistance of counsel would fail.

In the context of a challenge to a guilty plea on the basis of ineffective assistance of counsel, <u>Strickland v. Washington</u> and its progeny require that Petitioner show <u>both</u> that his counsel's representation fell below an objective standard of reasonableness <u>and</u> that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  <u>Hill v. Lockhart</u>, 474 U.S.

52, 58-59 (1985), citing Strickland v. Washington, 466 U.S. 668 (1984).  Here, Petitioner claims that his counsel was deficient in two respects: he provided ineffective assistance on the drugs-through-deception charge because he did not advise Petitioner that because Petitioner was under cancer treatment he could not, therefore, have used deception to obtain drugs; and he provided ineffective assistance with respect to the manslaughter plea because he failed to advise Petitioner of the level of intoxication found in the decedent.  Neither of these assertions shows that Petitioner's counsel's behavior fell below an objective standard of reasonableness.  Thus, Petitioner's claim fails the first Strickland prong.

But even if these assertions were to be seen as falling below an objective standard of reasonableness, Petitioner has not shown that counsel's awareness of Petitioner's cancer treatment or Petitioner's knowledge of the amount and type of drugs found in the decedent would have altered Petitioner's decision to plead guilty or, importantly, that this evidence or defense would have been successful at trial.  See Hill, 474 U.S. at 59.  The Court simply cannot see how a defense of "I gave the boy some drugs but not one of the kinds found in him and not the amount" would have been a wise defense or a successful one.  Similarly, the defense that Petitioner was under cancer treatment and therefore had lawful access to some types and amounts of drugs does not preclude a

reasonable jury from finding that Petitioner nonetheless used deception to obtain drugs beyond those to which he was lawfully allowed. Petitioner has offered nothing to compel a finding that he would have been successful had he chosen to go to trial armed with the facts he claims now to have been deprived of by his counsel's failure to investigate. Consequently, he has not satisfied the requirements of Strickland, and his ineffective assistance claims would fail on the merits even if they were not time-barred.

**IV. Conclusion**

Having conducted a de novo review of this matter pursuant to 28 U.S.C. § 636, the Court agrees with the findings, rationale and recommendations of the Magistrate Judge. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 12) and denies Petitioner's objections (doc. 18). Therefore, Petitioner's habeas corpus petition is DENIED WITH PREJUDICE. Further, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the petition because "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings and because Petitioner has failed to make a substantial showing of the denial of a constitutional right. Slack v. Daniel, 529 U.S. 473 (2000).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. §

1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in good faith and therefore the Court DENIES Petitioner leave to appeal in forma pauperis.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.

Dated: August 30, 2011       s/S. Arthur Spiegel
                                          S. Arthur Spiegel
                                          United States Senior District Judge